Ronnie **LYNCH**, Petitioner–Appellant,

v.

Charles L. **RYAN**; * et al., Respondents–Appellees.

No. 07–15680.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2009.

Filed Aug. 10, 2009.

Atmore Baggot, Attorney at Law, Apache Junction, AZ, for Petitioner–Appellant.

Ronnie Lynch, Florence, AZ, pro se.

Robert Anthony Walsh, Assistant Attorney General, Arizona Attorney General's

---

* Charles L. Ryan is substituted for his predecessor, Dora B. Schriro, as Director of the Arizona Department of Corrections. Fed. R.App. P. 43(c)(2).

**340**

Office, Phoenix, AZ, for Respondents–Appellees.

Before: HALL, W. FLETCHER, and PAEZ, Circuit Judges.

MEMORANDUM **

Ronnie Howell Lynch appeals the district court's denial of his habeas petition, arguing that the Arizona state trial court violated his Sixth Amendment right to counsel when it denied his requests for substitute counsel. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Lynch argues that an irreconcilable conflict existed between him and Stephen Whelihan, the public defender appointed to represent him, and that the trial court therefore erred in denying his requests for new counsel. In considering Lynch's claim, we determine whether the trial court's denial of Lynch's request "actually violated [Lynch's] constitutional rights in that the conflict between [Lynch] and his attorney had become so great that it resulted in a total lack of communication or other significant impediment that resulted in turn in an attorney-client relationship that fell short of that required by the Sixth Amendment." *Schell v. Witek,* 218 F.3d 1017, 1026 (9th Cir.2000) (en banc). If a conflict is of the defendant's "own making," it may be that Lynch "actually received what the Sixth Amendment require[s]." *Id.; see also Plumlee v. Masto,* 512 F.3d 1204, 1211 (9th Cir.2008) (en banc) ("[W]e are not aware of any [Su-

preme Court case] that stands for the proposition that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust.").

■ Here, Lynch argues that Whelihan's alleged failure to advise him of the plea agreement offered by the prosecution and Whelihan's alleged threat that he would ensure that Lynch received life in prison if Lynch failed to accept the plea agreement are evidence of an irreconcilable conflict. The Arizona Court of Appeals, in the last reasoned state court decision regarding the trial court's denial of Lynch's requests for new counsel, determined that "Lynch was an obstreperous defendant, feigning ignorance when it suited him, selectively answering the court's questions, and refusing to cooperate with his counsel and the court," and affirmed Lynch's conviction. The court's finding confirms that any conflict that existed arose from Lynch's own conduct. *See Schell,* 218 F.3d at 1026. Therefore, even assuming a conflict, Lynch cannot prevail because he cannot show that any conflict resulted in an attorney-client relationship that "fell short of that required by the Sixth Amendment." *Id.*

Lynch has failed to rebut by clear and convincing evidence the presumption of correctness that we accord the state court's factual finding. *See* 28 U.S.C. § 2254(e)(1). To the contrary, the finding is well-supported by the record. First, at a hearing on July 9, 1999, the Arizona trial court found that Lynch was not credible in his account of his conversations with Whelihan—an account which included Lynch's allegation that Whelihan had threatened

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

him—and observed that Lynch was "selective" in his "decisions to understand or not understand things," referencing Lynch's understanding of his plea agreement.[1] Even in earlier pre-trial proceedings, the trial court suggested that any problems between Whelihan and Lynch were caused by Lynch, stating, "Then [Lynch has] got a problem. It's not the lawyer. It's him." The Court of Appeals' conclusion is also supported by Whelihan's motion to withdraw, in which he alleged that Lynch's "personal animosity toward undersigned counsel ... prevent[ed] meaningful communication," and Whelihan's supervisor's allegation that Lynch had refused to work with Whelihan or any other attorney from the public defender's office.

Lynch, for his part, proffers no clear or convincing evidence to counter the state court's determination that Lynch refused to cooperate with Whelihan. Because of the state court's finding that Lynch was the source of any conflict that existed between him and his public defender, we conclude that he cannot show that the trial court's denial of his request for new counsel violated his Sixth Amendment right to counsel. *See Schell*, 218 F.3d at 1026; *see also Plumlee*, 512 F.3d at 1211.

We further conclude Lynch has not shown that he is entitled to an evidentiary hearing on his Sixth Amendment claim. The state trial court provided a full and fair hearing on Lynch's request for new counsel at the July 9 hearing by considering all of the allegations that Lynch renewed in his habeas petition, requesting Whelihan's side of the story, and determining that Lynch's account of his conversations with Whelihan was not credible. *See*

*Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir.2003) (holding that a habeas petitioner "must (1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of trial or in a collateral proceeding"). Here, the record adequately reflects the nature of the conflict between Lynch and Whelihan and that Lynch's conduct was the source of the conflict. *Cf. Schell*, 218 F.3d at 1027 (ordering an evidentiary hearing when "the record [did] not reflect how far the relationship between [petitioner] and his counsel had deteriorated or whether [petitioner] himself had sabotaged the relationship"). The district court properly rejected Lynch's request for an evidentiary hearing.

**AFFIRMED.**

---

1. Lynch challenges the trial court's credibility determination only by asserting that trial court improperly based its determination on a mental health examiner's report that Lynch argues he had no meaningful opportunity to challenge. This argument is without merit,

because there is no evidence that the trial court based its determination on this report. Rather, the record shows that Lynch's contrarian conduct at the July 9 hearing was the likely basis for the court's credibility finding.